677 A.2d 1213

**Richard GOTTLIEB, D.M.D., Appellee,**

**v.**

**David E. SMITH and Norma R. Smith, Appellants.**

Superior Court of Pennsylvania.

Argued April 9, 1996.

Filed May 13, 1996.

Reargument Denied July 17, 1996.

---

Alison C. Munin, Pittsburgh, for appellants.

David Abrams, Monroeville, for appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

DEL SOLE, Judge.

This matter began before a district justice. Appellee, a dentist, sought to recover the balance due for his services. He retained counsel who filed a complaint seeking damages in the amount of $705.50. The complaint was filed in the magisterial district in which the Appellee's dental office was located. This was the location where the services were performed.

When filing the complaint on behalf of their client, counsel listed his address "in care of" their law firm, which is located outside of the magisterial district. After service, Appellants' counsel wrote the district justice raising a question of venue.

610

However, neither side appeared at the hearing, and an award was entered for Appellee as permitted.

█ Appellants then filed for a writ of certiorari, raising a question of venue. Pa. R.C.P.D.J., Rule 1009, 42 Pa.C.S.A. When the transcript of the proceedings was returned in reply to the writ, it named the plaintiff and listed his address as "in care of" and set forth the name and address of his lawyers. Admittedly, this address is outside of the magisterial district.

The trial court, in order to resolve the venue question, accepted affidavits which establish that the Appellee's office, where the dental services were performed, is located within the magisterial district. In fact, at argument, it was conceded that venue was proper.

█ However, Appellants argue on appeal that Pa. R.C.P.D.J., Rule 1001, 42 Pa.C.S.A. prevents a trial court from looking beyond the district justice transcript to determine venue. With this we disagree. Here, it was apparent on the face of the transcript, that venue could not be determined under any circumstances. To prevent a trial court from creating a record to determine the issue would be ludicrous. Rule 1014, Pa.R.C.P.D.J. requires the court to find whether venue is proper, and if not, set aside the award and remand to the correct district court. Trial courts are, therefore, required to factually establish proper venue.

To accept Appellants' argument in this case, would require us to reverse the trial court, set aside the award, and return the matter to the very same district justice for retrial. We will not engage in such a useless act.

Order affirmed.